UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 3:25-MJ-1125-BN |
| | § | |
| MARTIN MARTINEZ | § | |

**DEFENDANT MARTINEZ'S MOTION FOR IMMEDIATE PLACEMENT BY THE ATTORNEY GENERAL IN A FACILITY FOR RESTORATION TREATMENT**

TO THE HONORABLE DAVID HORAN, MAGISTRATE JUDGE, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

Comes now MARTIN MARTINEZ, the Defendant by and through undersigned counsel and files this his Motion for Immediate Placement by the Attorney General in a Facility for Restoration Treatment. The Government has advised the Defendant that they are unopposed to the relief of an order for immediate placement.[1] In support thereof, the Defendant would show as follows:

**I.**

**Procedural Background**

The Defendant was arrested by law enforcement authorities on or about November 14, 2025 related to a federal criminal complaint in this matter alleging a violation of 18 U.S.C. § 115(a)(1)(B). The Government moved to detain the Defendant and the Court held a preliminary and detention hearing in this matter on November 19, 2025. Doc. 10. At the conclusion of that hearing, the Court

---

[1]Given that this Motion is being filed on a federal holiday, the Government has not seen the Motion prior to filing, and the undersigned is not representing that the Government agrees with every statement herein. Instead, the Government indicated only that they were not opposed to the relief of an order for immediate placement.

DEFENDANT MARTINEZ'S MOTION FOR IMMEDIATE PLACEMENT BY THE ATTORNEY GENERAL IN A FACILITY FOR RESTORATION TREATMENT Page - 1

found there was probable cause to believe the Defendant committed the offense and also ordered that he be detained pending the outcome of this matter. Doc. 11.

On December 3, 2025, the undersigned filed a Motion for Psychiatric Exam which was granted. Doc. 14, 15. In part, the Court found that there was reasonable cause to believe that the Defendant was suffering from a mental disease or defect which rendered him mentally incompetent to understand the nature and consequences of the proceedings against him and/or to assist properly in his defense. This led to the Defendant's evaluation for competency in FMC Fort Worth and at a subsequent hearing on February 19, 2026, the Court found that the Defendant was suffering from Defendant was suffering from a mental disease or defect which rendered him mentally incompetent to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Doc. 19. The Court then ordered the Defendant to be committed to the custody of the Attorney General "for treatment in a suitable facility for a reasonable period of time, not to exceed four months". *Id*.

After this hearing, despite the Court's order, the Defendant remained in the custody of the United States Marshals. On May 8, 2026, roughly two and a half months into the four month period ordered by the Court, the Court held a status conference in this case. Doc. 27. At that status conference, the Court heard from the Government who noted that the Defendant was at that time fifth on the wait list for placement to a BOP facility where he could receive the restoration treatment ordered by the Court. The Court order the parties to submit Joint Status Reports to the Court with regards to the Defendant's status every three weeks. On May 29, 2026, the parties submitted the first status report which noted that the Defendant had fallen from fifth on the wait list to eighth on the wait list. Doc. 31. On June 18, 2026, the parties submitted the second status report which noted that

the Defendant had risen back to fifth on the wait list. Doc. 35.

**II.**

**Motion**

Four months ago this Court ordered the Government to take efforts necessary to attempt to restore the Defendant to competency consistent with 18 U.S.C. § 4241. In the intervening four months, the Government has not only failed to provide the Defendant medical treatment for his mental health, it has failed to even *move* the Defendant from the custody of the United States Marshal to the Bureau of Prisons (BOP) to being that process. Worse still, within that time, the Defendant has not even made linear progress towards being moved to BOP custody as he has been skipped in the line for treatment by others.[2] Since the BOP has the ability to adjust the line adversely to the Defendant's treatment, the Defendant would ask this Court to order the BOP to now adjust the line in his favor.

At least one other district court in this Circuit has entered a similar order in order to avoid the need to dismiss the indictment itself. See *United States v. Calderon-Chavez*, 688 F.Supp.3d 472 (W.D.Tx 2023); see also *United States v. Berard*, 671 F.Supp.3d 107, 117 (Dist. Ct. NH 2023) (collecting cases wherein similar relief was ordered by district courts).  Numerous other district courts have examined delays not much longer than the Defendant's and concluded that the case should be *dismissed*. See *United States v. McCarthy*, 703 F.Supp.3d 1377 (Mid. Dist. Florida 2023) (dismissing indictment where the defendant had been waiting transport for restoration treatment for

---

[2]Both Joint Status Reports indicate that BOP can move individuals up and down the list due to "emergencies, expedited cases, cases in which there is an immediate move order, and cases that are put into the BOP system late but had an earlier order date". Doc. 31, 35.

nearly six months); *United States v. Lara*, 671 F.Supp.3d 1257 (Dist. NM 2023) (same after eight months) see also *United States v. Brodeur*, 1:24-CR-10051-JFK (D.Mass 2024) (denying requested dismissal after four months but noting more than six months delay would likely lead to dismissal). Given that the Court's order for restoration has now been effectively ignored for the last four months, at this juncture, the Defendant would request that the Court enter a new order requiring the Government to place the Defendant in a suitable facility for restoration treatment immediately.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Honorable Court, pursuant enter an order directing the Government to place the Defendant in a suitable facility for restoration treatment immediately.

Respectfully Submitted,

*/s/ Paul T. Lund*

_____

Paul T. Lund
State Bar No. 24070185
900 Jackson Street, Suite 430
Dallas, Texas 75202
Phone: 214-997-3907
Fax: 214-613-1067
Attorney for Defendant
Martin Martinez

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was delivered by ECF filing to Matthew Weybrecht, Esq., the Assistant United States Attorney in charge of this case via electronic filing on June 19, 2026.

*/s/ Paul T. Lund*

_____

PAUL T. LUND

CERTIFICATE OF CONFERENCE

This is to certify that I conferred with AUSA Weybrecht who represents the United States in this matter regarding his position on the motion. AUSA Weybrecht stated that the Government is unopposed to the relief sought in this motion.

*/s/ Paul T. Lund*

_____

PAUL T. LUND